# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM KNUDSON, BAR NO. 5690

No. 79016

**FILED**

OCT 11 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William Knudson be suspended for six months and one day based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 4.1 (truthfulness in statements to others), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

Knudson stipulated to the facts and violations alleged in the complaint at the hearing. The record therefore establishes that Knudson violated the above-listed rules by failing to participate in arbitration or an early case conference leading to the dismissal of a client's case, sending the client a $23,000 bill even though Knudson had taken the matter on a contingency basis, and then intercepting $4,500 of the client's funds from a third party and retaining those funds to apply to his bill without the client's authorization resulting in the third party having to pay another $4,500 to the client.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and

19-42261

the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Knudson either negligently or knowingly violated duties owed to his client (competence, diligence, communication, and safekeeping property) and to the legal profession (expediting litigation, truthfulness in statements to others, and misconduct). Knudson's client was injured because his action was dismissed and the third party was injured because it had to pay funds owed to the client twice. Based on the most serious instance of misconduct at issue, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is disbarment. *See id.* Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of one aggravating circumstance (multiple offenses) and four mitigating circumstances (absence of prior disciplinary record, personal or emotional problems, physical disability, and remorse). Considering all of the factors, including the mitigating factors of Knudson's personal problems and physical disability, we agree with the panel that a downward deviation from the baseline sanction of disbarment is appropriate and that a six-month-and-one-day suspension serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney William Knudson from the practice of law in Nevada for six months and one day from the date of this order. Knudson shall pay $4,500 in restitution to the law firm of Steven Adair & McDonald or demonstrate that he has been making consistent payments on a plan approved by Steven Adair & McDonald. Knudson shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Chair, Southern Nevada Disciplinary Board
     William H. Knudson
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

---

[1]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A